Bobby D. BILLOPS, Petitioner,

v.

**DEPARTMENT OF the AIR FORCE, LITTLE ROCK AIR FORCE BASE, ARKANSAS, Respondent.**

Nos. 83–1922, 83–1995.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1984.

Decided Jan. 23, 1984.

---

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Bobby D. Billops was discharged from his position of civilian mechanic at the Little Rock Air Force Base as the result of his unsuccessful effort to have a sexual relationship with a sixteen year old female civilian employee during the lunch hour. The young woman recanted her original charge of rape. Billops' grievance was denied. This incident brings two cases to this court: 83–1995, an appeal from the district court order dismissing his petition for judicial review of agency action because it lacked jurisdiction, and 83–1922, a petition to review the final decision of the Air Force to discharge Billops. We dismiss Billops' petition for review filed in this court for lack of jurisdiction, and deny his request to transfer this cause to the Federal Circuit. We affirm the order of the district court in Billops' appeal.

Following the noontime incident of July 29, 1982, which Billops in his pleading refers to as "consensual sexual contact (but not sexual intercourse)" with a sixteen year old CETA employee, a notice of proposed removal was directed to Billops and he was given an opportunity to defend against the charges. On August 10 the Air Force notified Billops that he had been removed from his employment, and informed him that if he believed his rights had been violated he could file a grievance or an appeal. Following receipt of this notice on August 24, 1982, Billops' attorney wrote a letter with the request that it be accepted as "a written grievance and seeking reinstatement of job status and back wages." The first step grievance was denied and his misconduct with the young female employee was given as a reason why he "could not be permitted

to work in the base housing area where similar opportunities for misconduct could occur." A second step grievance was filed again by counsel and a plea for dismissal of charges against Billops was articulated. The grievance was denied because of the admitted sexual foreplay with the young woman and frequent contact with other female non-military employees and dependents in the housing areas. The third step grievance was similarly denied after a request asserted by Billops' attorney. Billops pleads both that "arbitration, step four, was not sought," and that the Union refused to invoke arbitration.

Billops then appealed on March 8, 1983, to the Merit Systems Protection Board which dismissed his appeal for lack of jurisdiction because Billops, by filing a grievance before filing an appeal, had elected the grievance procedure over the statutory procedure. The order from the Board notified Billops that he had the right to appeal to the United States Court of Appeals for the Federal Circuit within thirty days and further notified him that the Federal Circuit had exclusive jurisdiction over appeals from final decisions of the Board.

Billops filed a petition for judicial review of agency action in the United States District Court for the Eastern District of Arkansas alleging that the Administrative Procedure Act gave it jurisdiction to review the discharge. The United States filed a motion to dismiss for lack of jurisdiction and in his response to the motion Billops argued that the Merit Systems Protection Board had erred in dismissing this case and requested a transfer to the Federal Circuit. The district court on June 30, 1983, dismissed the case for lack of jurisdiction and denied the request for transfer. This order has been appealed.

Billops also filed a petition for review of the Board's dismissal and his discharge directly with this court. Billops has asked the court to transfer his petition to the Federal Circuit in the event it determines that it lacks jurisdiction. These two cases have led to a veritable blizzard of motions. The Government has also filed *two* motions to dismiss No. 83–1922 for lack of jurisdiction.[1] In response to the *two* motions Billops has filed a motion to strike the second motion arguing that it is unfair for the Government to "double-team" the case. And in response to the motion to strike the Government has filed a motion to consolidate the two motions to dismiss, arguing that both will aid the court in understanding this difficult case. Finally, the Government has filed a motion to defer filing of the administrative record of Billops' grievance proceedings pending a ruling on the motion[s] to dismiss.

■ The infirmity with both of Billops' cases, the petition for review filed with this court and the appeal of the district court action, is that he elected, with assistance and presumably advice of counsel, to follow the grievance path. This not having led to arbitration, he has no arbitrator's award to appeal and he has been foreclosed from statutory appeal.

In the Civil Service Reform Act of 1978, Congress created a comprehensive scheme to regulate labor-management relations in the federal sector. 5 U.S.C. § 7101 *et seq.* Under the Act a federal employee, like Billops, who has been discharged from a permanent position that is covered by a collective bargaining agreement, has two avenues of appeal. The Act makes it clear that only one avenue can be chosen. *Id.* § 7121(e)(1). First, he can appeal the discharge pursuant to a statutory procedure. *See id.* § 7701. This procedure entitles him to a hearing before the Merit Systems Protection Board, and also to judicial review of the Board's final decision. *See id.* § 7703(b)(1). Second, he can appeal the discharge under the grievance procedure set out in the collective bargaining agreement. The Act further provides that any negotiated grievance procedure in the federal sector must include a provision for "binding arbi-

---

1. The filing of two motions was not done intentionally. A U.S. Attorney's Office in Arkansas filed one of the motions, and the Justice Department in Washington, D.C. filed the other. Apparently neither knew that the other was handling the case.

**1163**

tration [of unresolved disputes] which may be invoked by either the exclusive representative or the agency." *Id.* § 7121(b)(3)(C). Any arbitration award is subject to judicial review "in the same manner and under the same conditions as if the matter had been decided by the Board." *Id.* § 7121(f).

■ In his petition for review of agency action (No. 83–1922) Billops alleges that this court has jurisdiction to review his discharge pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* He contends that he has been "adversely affected or aggrieved by agency action" *Id.* § 702, that the Air Force acted arbitrarily or capriciously in discharging him, and that the discharge was not supported by substantial evidence. *Id.* at § 706(2)(A) & (E). It is well settled that the APA does not provide an independent basis for subject matter jurisdiction to review agency action, nor does it create a cause of action where none exists. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Bruce v. United States,* 621 F.2d 914 (8th Cir.1980).

The recent amendment to the Civil Service Reform Act, 5 U.S.C. § 7703(b)(1) (Supp.1982), in conjunction with the Federal Courts Improvement Act of 1982, 28 U.S.C. § 1295(a)(9) make it clear that Congress intended the Federal Circuit to have *exclusive* jurisdiction over appeals from Merit Systems Protection Board decisions.[2]

Therefore, this court lacks jurisdiction over Billops' petition to review.

Billops asks this court to transfer No. 83–1922 to the Federal Circuit if we find that we have lack of jurisdiction. A provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631,[3] grants this court power to transfer a case in which it lacks jurisdiction to the proper federal court *provided that* had the case been filed in the proper court on the date it was filed in this court, *the filing would have been timely.*[4]

■ No. 83–1922 was filed in this court on July 13, 1983. 5 U.S.C. § 7703(b)(1) (Supp.1982) states that notwithstanding any other provision of law, any petition for review of a Merit Systems Protection Board final decision must be filed within 30 days after the petitioner receives notice of the final decision. Billops received notice of the Board's final decision dismissing his case *on March 8, 1983.* This court cannot transfer No. 83–1922 to the Federal Circuit pursuant to section 1631 because it could not have been brought there at the time it was filed in this court. A transfer can remedy the mistake of filing in the wrong court, but not the mistake of filing in an untimely manner.

Accordingly, we must deny Billops' motion to transfer No. 83–1922 to the Federal Circuit.

We now turn to the district court's action dismissing Billops' complaint for lack of jur-

---

**2.** 5 U.S.C. § 7703(b)(1) (Supp.1982) provides "a petition for review of a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." 28 U.S.C. § 1295(a)(9) provides "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5."

**3.** Section 1631 provides:
Whenever a civil action is filed in a court defined in section 610 of this title or an appeal, *including a petition for review of administrative action,* is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal *to any other such court in which*

the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred. (emphasis added).
28 U.S.C. § 610 defines "courts" as including courts of appeals and district courts of the United States.

**4.** Billops cites *Keller v. Merit Systems Protection Board,* 679 F.2d 220 (11th Cir.1982), a decision in which the Eleventh Circuit held that courts of appeals have inherent power to transfer, as authority for his proposition that this court can transfer when it lacks jurisdiction. We prefer, however, to base authorization for transfer on 28 U.S.C. § 1631.

isdiction. As we have observed, the Federal Circuit has exclusive jurisdiction over appeals from decisions of the Merit Systems Protection Board and appeals from grievance proceedings involving federal employees. *See* 5 U.S.C. §§ 7703(b)(1) and 7121(f). The district court plainly was without jurisdiction and correctly dismissed Billops' action.

█ We think it appropriate to comment upon the district court's refusal to transfer Billops' action to the Federal Circuit because he filed his action in the district court on March 7, 1983, well within the thirty day time limit for filing an appeal from a Board decision. The question, however, is whether it would have been "in the interest of justice" for the district court to have ordered this transfer. 28 U.S.C. § 1631.

A transfer to the Federal Circuit would not give Billops the remedy he desires, a review of the merits of his case. The Federal Circuit would be limited to considering the limited ground of the Board's decision to dismiss for lack of jurisdiction. The Federal Circuit can review the merits of a discharge challenged under a grievance procedure only when it has been taken to arbitration. 5 U.S.C. §§ 7121(f) and 7703(b)(1). The Board is similarly limited in reviewing a grievance only when it has been taken to arbitration. Accordingly, we cannot say that the district abused its discretion in refusing to transfer the case to the Federal Circuit because of the interest of justice consideration.

The district court correctly dismissed Billops' case for lack of jurisdiction and did not err in denying the motion to transfer.

What we have said is sufficient to dispose of the numerous motions that have been filed. The petition for review is dismissed and the order of the district court is affirmed.