26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James W. LAWSON, Administrative Law Judge, USDHHS/SSA/OHA, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services;
United States of America; Lawrence H. Thompson, Acting
Commissioner of the Social Security Administration; Daniel
L. Skoler, Associate Commissioner of the United States
Department of Health and Human Services, Social Security
Administration, Office of Hearings and Appeals; Jose A.
Anglada, Acting Chief Administrative Law Judge, United
States Appeal from the United States Department of Health
and District Court for the Human Services; Richard A.
Western District of Arkansas Mueller, Regional Chief
Administrative Law Judge, United States Department of Health
and Human Services, Social Security Administration, Office
of Hearings and Appeals; Francis E. Mayhue, Hearing Office
Chief Administrative Law Judge, United States Department of
Health and Human Services, Social Security Administration,
Office of Hearings and Appeals; David T. Hubbard,
Administrative Law Judge, United States Department of Health
and Human Services, Social Security Administration, Office
of Hearings and Appeals; Ben Erdreich, Chairman, U.S. Merit
Systems Protection Board, Appellees.
 No. 94-1809.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 1, 1994.
Filed: June 9, 1994.
 
 Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 This matter is before the Court on appellant James W. Lawson's application for stay of governmental proceedings, first and second supplemental applications for stay, motion for order of contempt, and motion for sanctions. On April 1, 1994, this court issued a temporary stay pending determination of the merits, pursuant to Local Rule 27B. Upon review, we hold that the district court lacked subject matter jurisdiction over appellant's claims.
 
 
 2
 Appellant, an administrative law judge (ALJ), brought this action in district court alleging that he is suffering personnel action constituting constructive removal because he is a whistle- blower and decides cases adversely to the Social Security Administration. He seeks injunctive and declaratory relief and cites the Administrative Procedure Act (APA), the Whistleblower Protection Act (WPA), and the Fifth Amendment as the jurisdictional bases for his complaint. He also has an action pending before the Merit System Protection Board (MSPB) brought pursuant to the Civil
 
 
 3
 Service Reform Act (CSRA), 5 U.S.C. Sec. 1101 et seq.
 
 
 4
 Upon careful review, we hold that the district court lacked jurisdiction over appellant's claims because he has remedies under the CSRA; the Federal Circuit has appellate jurisdiction. Judicial relief for appellant's claims is not available outside the CSRA. For example, the availability of remedies under the CSRA precludes his assertion of a claim for violation of his constitutional rights under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (Bivens ). Bush v. Lucas, 462 U.S. 367 (1983); cf. Krueger v. Lyng, 927 F.2d 1050 (8th Cir. 1991) (employee of Agriculture Stabilization and Conservation Service may bring Bivens action in absence of available CSRA remedy and where Congress inadvertently failed to provide a remedy). Nor may he bring his claims under the Federal Tort Claims Act (FTCA). Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir. 1993) (CSRA provides exclusive remedy for government employee's wrongful discharge claim, including claims asserted under FTCA and WPA), cert. denied, 114 S. Ct. 1536 (1994). The APA also does not provide original jurisdiction in the district court. Billops v. Dep't of the Air Force, 725 F.2d 1160, 1162-64 (8th Cir. 1984) (federal employee with remedies available under the CSRA does not have independent basis for subject matter jurisdiction under the APA, and Federal Circuit has exclusive jurisdiction over appeals from the MSPB); see also Gray v. Office of Personnel Management, 771 F.2d 1504, 1508-11 (D.C. Cir. 1985) (ALJs are not entitled to special treatment excepting them from general rule that CSRA precludes independent APA remedies), cert. denied, 475 U.S. 1089 (1986). Finally, appellant may not seek a writ of mandamus because he is requesting action which is more than simply ministerial and which involves the exercise of discretion. See, e.g., Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir. 1990).
 
 
 5
 For the foregoing reasons, we lift the temporary stay imposed on April 1, 1994, and deny appellant's original application for stay, first and second supplemental applications for stay, motion for order of contempt, and motion for sanctions.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.