**Derrick Hugh DAVIS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 00–3858, 00–4216.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before MERRITT and COLE, Circuit Judges; HOOD, District Judge.*

*ORDER*

These cases are before the court upon consideration of the motions of the respondent to dismiss appeals No. 00–3858 and

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

00–4216. It is argued that the petition for review in appeal No. 00–3858 is late, the petitions were filed in the wrong circuit, and that judicial review of the removal order is precluded because the petitioner is deportable on the basis of a conviction for an aggravated felony. The petitioner responded stating that he placed his first petition for review in the prison mail on June 29, 2000; that the statute precluding judicial review should not be retroactively applied; and that he properly filed his petitions in the Sixth Circuit because he was convicted, sentenced and served his sentence in the Sixth Circuit.

A review of the documents before the court indicates that the petitioner was found deportable after his conviction for conspiracy to distribute cocaine and possession with intent to distribute in violation of 21 U.S.C. § 846. In 1999, the Immigration and Naturalization Service initiated removal proceedings against him charging him with deportability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp.1999) because of his controlled substance conviction which is an aggravated felony within the meaning of immigration laws. Relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act was sought but denied. That decision was filed May 30, 2000 and petitioner's petition for review was received and filed in this court on July 3, 2000 (appeal No. 00–3858). A motion to reconsider the decision was denied on September 9, 2000 and a petition for review was filed on October 4, 2000 (appeal No. 00–4216).

█ A document permitted to be filed with the clerk of the appellate court is timely if it is deposited in the prison's internal mailing system on or before the last day for filing. Fed. R.App. P. 25(a)(1)(C). That rule applies to the filing of petitions for review in this court. *See*

*Arango–Aradondo v. INS,* 13 F.3d 610, 612 (2d Cir.1994). Rule 25(a)(1)(C) provides that timely filing be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement which states the date of deposit and that first-class postage had been prepaid. The first petition for review indicates that it was mailed June 27, 2000 and the envelope contains a postmark of June 29, 2000. Therefore, the petition for review filed as appeal No. 00–3858 was placed in the prison mail within the required filing period and it will be considered timely filed.

█ Although the petitions for review can be treated as timely filed, the cases are jurisdictionally defective. Judicial review of a deportation order based on certain criminal offenses may not be obtained by the filing of a petition for review. *See Mansour v. INS,* 123 F.3d 423, 424–25 (6th Cir.1997). However, review is available by way of a habeas corpus proceeding. *Id.* at 426. Petitioner's actions in this court are not appeals of habeas corpus decisions of the district court but are petitions for review from orders of the Board of Immigration Appeals. This court lacks jurisdiction to consider the petitions for review. *See id.* at 426.

█ The parties disagree as to which circuit has jurisdiction over the petitions for review but it is not necessary to address that issue. Although this court has authority pursuant to 28 U.S.C. § 1631 to transfer a petition for review when such a document is filed in the wrong court, transfer to the appropriate circuit is not in the interest of justice when there is no appellate jurisdiction to consider the petition. *See Danko v. Director, Office of Workers' Compensation Programs,* 846 F.2d 366, 368–69 (6th Cir.1988) (per curiam); *Billops v. Department of the Air Force,* 725 F.2d 1160, 1163 (8th Cir.1984).

It is ordered that the petitions for review are dismissed.