**Daniel COBBLE, Plaintiff–Appellant,**

**v.**

**UNITED STATES STATE DEPART-MENT, Defendant–Appellee.**

**No. 01–5742.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

*ORDER*

Daniel Cobble appeals a district court judgment that dismissed his civil complaint in which Cobble sought review of the government's failure to issue a visa to permit Cobble's wife, a resident of the Philippines, to enter this country. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cobble filed his complaint in the district court essentially seeking an order directing the State Department to issue a visa to his wife. The government moved to dismiss the complaint, and Cobble responded in opposition and moved for a writ of mandamus. The district court granted the government's motion and dismissed the complaint. Cobble filed a timely notice of appeal.

On appeal, Cobble contends that officials have arbitrarily and capriciously refused to issue the visa and cites the Administrative Procedure Act as a jurisdictional basis for review of this decision. The government responds that the district court lacks jurisdiction to review a decision to deny a visa, and that the decision was not an abuse of discretion in any event. Upon consideration, we affirm the judgment for the reasons stated by the district court in its memorandum and order entered June 5, 2001.

Essentially, the district court dismissed plaintiff's complaint for lack of subject matter jurisdiction. Generally, this court reviews a district court judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) de novo. *Duncan v. Rolm Mil-Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Plaintiff has the burden of establishing the existence of subject matter jurisdiction after defendant challenges jurisdiction by filing a motion to dismiss. See *Moir*, 895 F.2d at 269; *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir.1986). The district court is free to consider matters of fact which may be in dispute without invoking the summary judgment provisions of Fed.R.Civ.P. 56. See *Rogers*, 798 F.2d at 915–16. Here, the district court correctly concluded that it lacked jurisdiction over plaintiff's claim.

Courts have long held that a decision to deny a visa is not subject to judicial review. See *Lem Moon Sing v. United States*, 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158–59 (D.C.Cir.

1999); *Ventura–Escamilla v. INS*, 647 F.2d 28, 30–31 (9th Cir.1981). Further, the district court correctly concluded that no basis for mandamus relief exists. See *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). Finally, the Administrative Procedure Act does not provide an independent basis for subject matter jurisdiction to review agency action. *Chelsea Cmty. Hosp., SNF v. Mich. Blue Cross Assoc.*, 630 F.2d 1131, 1133 (6th Cir.1980); *Billops v. Dep't of Air Force*, 725 F.2d 1160, 1163 (8th Cir.1984). Moreover, the decision not to issue a visa is not subject to judicial review under that Act in any event because the decision is an "agency action ... committed to agency discretion by law." See 5 U.S.C. § 701(a)(2).

Accordingly, the district court's judgment is affirmed. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.