985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex Patrick MOLINA, Defendant-Appellant.
 No. 92-10028.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1992.
Decided Feb. 1, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-91-00181-RCB, Robert C. Broomfield, District Judge, Presiding.
 D.Ariz.
 AFFIRMED AND VACATED.
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 ORDER
 
 1
 Alex Patrick Molina appeals his sentence for assault with intent to commit murder on an Indian reservation in violation of 18 U.S.C. §§ 113(a) & 1152. The district court sentenced Molina on December 2, 1991 to 130 months in prison and 36 months of supervised release, on the condition that Molina not have any contact with Clarissa Hickman, the victim of the crime. On December 16, 1991, the district court, at the request of Molina, clarified its December 2nd sentence by ordering that the prohibition on contact with Hickman applied both to the supervised release and incarcerative portions of the sentence. Molina now appeals.
 
 
 2
 The district court's December 16th order is vacated. A district court does not have the "inherent power to impose punishments that are not provided for by a federal statute applicable to the offense for which the defendant was convicted." United States v. Elkin, 731 F.2d 1005, 1010-11 (2d Cir.), cert. denied, 469 U.S. 822 (1984); cf. 18 U.S.C. § 3582(d) (authorizing district court to restrict communication of persons convicted of racketeering). Rather, the Bureau of Prisons has the primary authority over the treatment of prisoners. 18 U.S.C. §§ 3621(a) & 4042. The district court has no authority to restrict Molina's communication with Hickman during Molina's incarceration. It does, however, have the authority to restrict Molina's communication with Hickman during Molina's supervised release. 18 U.S.C. § 3583(d). Thus, the district court's December 2nd sentence, and its December 13th Judgment, restricting Molina's communication with Hickman during supervised release are not affected by this order.
 
 
 3
 A district court may make a recommendation to the Bureau of Prisons on the treatment of a prisoner. Therefore, the district court's December 16th order should be treated as a recommendation to the Bureau of Prisons to restrict Molina's communication with Hickman during Molina's incarceration.
 
 
 4
 Sentence AFFIRED. The District Court's Order of December 16, 1991 is VACATED