RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0372p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

―――――――――――――

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 07-2438

JERRY JACK HEBERT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 07-00019-001—Robert Holmes Bell, District Judge.

Submitted: September 21, 2009

Decided and Filed: October 26, 2009

Before: MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.

―――――――――――――

**COUNSEL**

**ON BRIEF:** Paul A. Peterson, FEDERAL PUBLIC DEFENDERS OFFICE, Marquette, Michigan, for Appellant. Maarten Vermaat, ASSISTANT UNITED STATES ATTORNEY, Marquette, Michigan, for Appellee.

―――――――――――――

**OPINION**

―――――――――――――

MERRITT, Circuit Judge. The question before us in this direct criminal appeal after a guilty plea to bank robbery is whether the following request by the sentencing judge to the Bureau of Prisons is appealable under 18 U.S.C. § 3742 or any other provision of federal law:

> I want you to have a mental health evaluation and counseling, including a gambling addiction and a pornography and sex addiction treatment that I think you are deserving of.

1

(Transcript of sentencing, record entry no. 35, pgs. 16; ROA vol. 3.)

Section 3742(a) reads as follows:

### § 3742.  Review of a sentence

(a) Appeal by a defendant. — A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence —
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation, or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

The District Court's request for evaluation and counseling by the Bureau is only a request, not the type of sentencing action contemplated by § 3742.  Prior to this review provision adopted by the Sentencing Reform Act of 1984, sentences imposed by the district courts were not ordinarily subject to appellate review.  The purpose of § 3742 was to make certain guideline sentences reviewable, not to make all of the district courts' request for evaluation, admonitions, warnings and advice appealable.  Taking into account the prior federal law of sentencing and the limited scope of the 1984 amendment found in § 3742, we do not believe that the district court's request of the Bureau of Prisons is the type of "final sentence" that Congress intended to except from the previous policy limiting appellate review.  Our prior history of federal sentencing before the Sentencing Reform Act of 1984 is important and helpful in understanding the limited scope of federal appellate review adopted in § 3742.  Other circuits that have considered the issue of appellate review in such cases have reached the same decision that appellate review is not available when the sentencing judge suggests that the Bureau of Prisons should evaluate or treat certain physical or emotional problems.  *See*, *e.g.*, *United States v. Kerr*, 472 F.3d 517 (8th Cir. 2006) (sex offender treatment and counseling request not appealable), and the cases cited therein.

Accordingly, because the issue respecting the District Judge's request to the Bureau of Prisons is the only issue raised on appeal, the appeal is dismissed for lack of appellate jurisdiction.