# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3006

_____

United States of America

*Plaintiff - Appellee*

v.

Ardelle Edward Dunlap, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 16, 2013
Filed: June 12, 2013
[Published]

_____

Before SHEPHERD, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Ardelle Dunlap to one year and one day of imprisonment for violating the terms of his supervised release. The district court did

_____

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

not impose any additional term of supervised release. Dunlap appealed. Before his appeal was heard, Dunlap was released from custody and his sentence was fully discharged. We then ordered the parties to show cause why Dunlap's appeal should not be dismissed as moot. We now dismiss Dunlap's appeal as moot.[2]

I.

Dunlap argues his appeal is not moot because the supervised release violation could enhance his sentence if he is convicted of another crime in the future. Spencer v. Kemna, 523 U.S. 1 (1998), forecloses Dunlap's collateral consequences argument. "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement . . . . Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist" to maintain the appeal. Id. at 7. In Spencer, the district court revoked the defendant's parole, and the defendant appealed. Id. at 3, 5–6. The defendant was subsequently released from custody. Id. at 6. The Supreme Court held the possibility the defendant would face an enhanced sentence for a future crime because of the parole revocation was not a sufficient collateral consequence to meet Article III's injury-in-fact requirement. Id. at 15. We are "unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction . . . ." O'Shea v. Littleton, 414 U.S. 488, 497 (1974). Thus, the possibility the supervised release violation might increase Dunlap's sentence for a future conviction is insufficient to maintain this appeal.

---

[2] Because we dismiss Dunlap's appeal as moot, we do not address his substantive arguments.

Second, Dunlap argues his appeal is not moot because he will suffer ongoing social stigma as a result of the violation. Specifically, he argues "unquestionable stigma" is attached to the district court's finding that Dunlap violated the terms of his supervised release because "[t]he supervised-release petition accused Mr. Dunlap of an act of domestic violence upon a pregnant woman and he denied it." Dunlap cites no authority for the proposition that a defendant's protestation of innocence in an appeal of a supervised release violation creates a sufficient controversy where no other collateral consequences are at stake and the case is otherwise moot.[3] Lacking any authority in support of his argument, Dunlap's denial of the violation is insufficient to maintain this appeal.

Finally, Dunlap argues that even if his appeal is otherwise moot, his appeal falls within the exception to mootness for cases "capable of repetition yet evading review." This exception applies "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Spencer, 523 U.S. at 17 (alterations in original) (citations and internal quotation marks omitted). The Spencer petitioner similarly argued his case was not moot because it was "capable of repetition, yet evading review." Id. (internal quotation marks omitted). The Supreme Court held the petitioner "has not shown (and we doubt that he could) that the time between parole revocation and expiration of sentence is always so short as to evade review. Nor has he demonstrated a reasonable likelihood that he will once again be paroled and have that parole revoked." Id. at 18. The same reasoning applies here. Dunlap has not shown all appeals of supervised release violations are "so short as to evade review," and we will not assume Dunlap will in future be convicted of a crime, sentenced to supervised

---

[3] We offer no opinion as to whether social stigma might be sufficient to sustain an appeal outside the present case.

release, charged with violating supervised release, appeal that violation, and again find his appeal moot. See O'Shea, 414 U.S. at 497 ("[A]ttempting to anticipate whether and when these respondents will be charged with [a] crime . . . takes us into the area of speculation and conjecture."). Thus, we reject Dunlap's final argument.[4]

## II.

We dismiss Dunlap's appeal as moot.

_____

---

[4] United States v. Melton, 666 F.3d 513 (8th Cir. 2012), and United States v. Wilson, 709 F.3d 1238 (8th Cir. 2013), cited by Dunlap, are distinguishable. Unlike Dunlap, the Melton defendant was still on supervised release at the time of his appeal. Melton, 666 F.3d at 515 n.3. Unlike Dunlap, the Wilson defendant appealed the imposition of a no-contact order. Wilson, 709 F.3d at 1239.