# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-1554

———————————————

United States of America

*Plaintiff - Appellee*

v.

Brent E. Jones, also known as B. J. LNU

*Defendant - Appellant*

——————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————

Submitted: July 5, 2013
Filed: September 4, 2013
[Unpublished]

——————

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

——————

PER CURIAM.

After Brent Jones admitted violating his release conditions, the district court[1] revoked his supervised release and sentenced him to 12 months in prison with no

———————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

supervision to follow. Mr. Jones appeals, arguing that his sentence is unreasonable; that the probation office's violation report omitted important facts underlying his violations; that the government may have requested a 12-month prison sentence because it was mistaken as to when his supervised release was scheduled to end; and that the Bureau of Prisons (BOP) did not honor the district court's recommendation for his place of incarceration.

We conclude that Mr. Jones's sentence was not unreasonable. The record shows that the district court properly considered the relevant sentencing factors before imposing a revocation sentence that was authorized by statute and within the applicable Guidelines range. See 18 U.S.C. §§ 3553(a), 3583(e)(3); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying presumption of substantive reasonableness to revocation sentence within Guidelines range); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (court need not list every § 3553(a) factor when sentencing defendant upon revocation of supervised release). We reject the remaining arguments as meritless, noting in particular that the BOP was not bound by the district court's placement recommendation, see United States v. Kerr, 472 F.3d 517, 520 (8th Cir. 2006).

Accordingly, we affirm the judgment of the district court. We also grant counsel leave to withdraw, subject to counsel informing Mr. Jones about procedures for seeking rehearing or filing a petition for certiorari.

_____