# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-2994

———————————————

United States of America

*Plaintiff - Appellee*

v.

Rudolph George Stanko

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: May 16, 2014
Filed: August 12, 2014

——————————

Before RILEY, Chief Judge, BEAM and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

As a condition of his supervised release, Rudolph George Stanko was required to complete a Post-Conviction Risk Assessment (PCRA) form given to him by his probation officer. The form instructed Stanko to respond, using a four-point scale ranging from "strongly agree" to "disagree," to questions that had little relevance to

the offenses he had been convicted of,[1] such as "[w]hen pressured by life's problems I have said 'the hell with it' and followed this up by using drugs or engaging in crime," and "I have justified selling drugs, burglarizing homes, or robbing banks by telling myself that if I didn't do it someone else would." Stanko refused to answer any of the form's 80 self-assessment questions, invoking his alleged Fifth and Ninth Amendment right to remain silent and asserting that "[t]hese questions [were] not questions for [his] benefit, but questions to dissect [his] personality with evidence to pull out answers for future Court proceedings and use these answers against me." In response, the probation office filed a petition to revoke Stanko's supervised release citing, among other things, that Stanko had failed to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

The district court[2] found that Stanko's refusal to complete the PCRA violated a condition of his supervised release and sentenced him to seven days imprisonment with no term of supervised release to follow. The court rejected Stanko's Fifth Amendment argument, reasoning that Stanko could not rely on a blanket Fifth Amendment invocation to properly assert his privilege against self-incrimination. Stanko filed this appeal a week after he was released. He contends that the Government violated his Fifth Amendment rights by forcing him to choose between incriminating himself and violating the conditions of his supervised release.

We are troubled by the potential no-win situation facing individuals on supervised release who are required to complete this one-size-fits-all form regardless of their offense of conviction, criminal history, or characteristics and

---

[1]In 2006, Stanko was convicted of possessing firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). See United States v. Stanko, 491 F.3d 408, 410 (8th Cir. 2007). Section 922(g)(1) applied to Stanko because of a 1984 conviction for violating the Federal Meat Inspection Act. Id.

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

background—either answer the complex questions that assume criminal conduct or refuse and risk a supervised release revocation. See United States v. Antelope, 395 F.3d 1128, 1134-35 (9th Cir. 2005); cf. Minnesota v. Murphy, 465 U.S. 420, 435-39 & n.7 (1984). But see United States v. Allmon, 594 F.3d 981, 985-86 (8th Cir. 2010); United States v. Nace, 418 F.3d 945, 947-48 (8th Cir. 2005).

Despite these concerns, we dismiss Stanko's appeal as moot. In Spencer v. Kemna, 523 U.S. 1, 7 (1998), the Supreme Court reasoned that an individual who challenges a parole revocation—and who has completed any resulting re-incarceration or parole term imposed—must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole." To maintain a lawsuit, the challenger must establish "continuing 'collateral consequences'" from the revocation. Id. at 8. Otherwise, the case is moot. See United States v. Dunlap, 719 F.3d 865, 867-68 (8th Cir. 2013) (per curiam) (dismissing a challenge to a supervised release violation as moot).

Stanko raises two arguments to avoid dismissal on mootness grounds. First, Stanko argues that his supervised release violation could be used against him in future sentencing proceedings. The possibility that Stanko could face an enhanced sentence for a future crime because of his supervised release violation does not establish a concrete and continuing injury because we must presume that Stanko will conduct his future activities in accordance with the law. See id. at 867. Second, Stanko argues that the mootness exception for cases "capable of repetition yet evading review" applies here. See id. (stating that the exception applies when "'(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" (quoting Spencer, 523 U.S. at 17) (alterations in original))). As the court in Dunlap explained, the "capable of repetition" exception does not apply because we cannot assume that Stanko "will in future be convicted of

a crime, sentenced to supervised release, charged with violating supervised release, appeal that violation, and again find his appeal moot." See id. at 867-68.

We dismiss Stanko's appeal as moot.[3]

_____

_____

[3]An administrative panel of this court previously denied the Government's motion to dismiss this appeal as moot. Order (Jan. 17, 2014). Our circuit has recognized that an administrative panel's denial of a motion to dismiss for lack of jurisdiction typically "is the law of the case, ordinarily to be adhered to in the absence of clear error or manifest injustice." See McCuen v. Am. Cas. Co., 946 F.2d 1401, 1403 (8th Cir. 1991). But see Nyffeler Constr., Inc. v. Sec'y of Labor, ___ F.3d ___, ___, 2014 WL 3703950, at *3-4 (8th Cir. July 28, 2014) (noting conflicting circuit caselaw and recognizing a limitation of the law of the case doctrine when administrative panel rulings "lack sufficient directness and clarity" (quoting First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 621 (8th Cir. 2007))). Adhering to our obligation to always consider our own jurisdiction, however, we hold that the administrative panel clearly erred in denying the Government's motion because Dunlap, which was binding circuit precedent at the time the administrative panel ruled, see Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002), controlled the question at issue.