# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-1448

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Isaac Lincoln Maxie,

*Defendant - Appellant.*

—————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

—————————

Submitted: February 6, 2017
Filed: July 20, 2017
[Unpublished]

—————————

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

—————————

PER CURIAM.

Isaac Maxie appeals a judgment of the district court revoking his term of supervised release and sentencing him to eight months' incarceration. But before the appeal was submitted to this panel, Maxie was released from custody, and he identifies no collateral consequences of the district court's judgment. The appeal is therefore moot.

In November 2012, Maxie was released from prison after serving a federal sentence for distributing cocaine. Maxie began a four-year term of supervised release. In October 2015, the probation office petitioned to revoke Maxie's supervised release, alleging that he had failed to fulfill his monthly reporting obligations, failed to follow his probation officer's instructions, and failed to participate in drug testing. The district court[1] revoked Maxie's supervised release and sentenced him to eight months' imprisonment, without any additional term of supervised release to follow.

Maxie appealed, and the case was docketed. Maxie later notified the court that he was scheduled for release from custody in November 2016, and records of the Bureau of Prisons confirm that he was then released. By the time the case was submitted to the panel, Maxie's sentence was discharged.

Article III of the Constitution requires that an actual case or controversy "subsist[] through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). *Spencer v. Kemna*, 523 U.S. 1 (1998), explained that while an individual remains incarcerated or on parole, he continues to suffer a concrete injury, and a challenge to his conviction therefore satisfies the case-or-controversy requirement. *Id*. at 7. But after an inmate's sentence of imprisonment and parole expires, Article III requires that he establish that there is some "collateral consequence" of the conviction, *i.e.*, he has a "concrete and continuing injury other than the now-ended incarceration or parole." *Id.* The possibility of an enhanced sentence for a future crime was not sufficient to show an injury-in-fact from a parole revocation after the offender's release from custody. *Id*. at 15.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

In *United States v. Dunlap*, 719 F.3d 865 (8th Cir. 2013) (per curiam), we applied *Spencer* to an offender who challenged the revocation of his supervised release, but whose sentence was fully discharged. *Id.* at 867. The potential for an enhanced sentence in the future or a "stigma" from a judgment that he violated supervised release was not sufficient to establish a case or controversy. The court dismissed the appeal as moot. We reached the same conclusion in *United States v. Stanko*, 762 F.3d 826, 828 (8th Cir. 2014) (per curiam).

Maxie is in the same position as the offenders in *Dunlap* and *Stanko*. He was released from prison in November 2016, and he is not subject to an ongoing term of supervised release. He has not identified any collateral consequence of the district court's judgment that would satisfy the Article III requirement of injury-in-fact. We therefore dismiss the appeal as moot.

_____