# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1052

_____

United States of America

*Plaintiff - Appellee*

v.

Octavius Devon Coplen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 14, 2018
Filed: July 24, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Octavius Coplen, having been released from custody, began a four-year term of supervised release on August 24, 2017. From the outset of the supervised release period, the United States Probation Office had difficulty locating Coplen at the residence where he had indicated he planned to reside. After numerous unsuccessful attempts–ultimately over a span of nearly four-months–to conduct home visits at the

designated residence, the probation office filed a request to modify Coplen's conditions of supervised release. The petition alleged Coplen violated his conditions by failing to notify the probation office of a change in residence, and asked for a modification requiring Coplen to wear a monitoring device. The district court[1] found by a preponderance of the evidence that Coplen had violated the conditions of supervised release, and modified his supervision to require him to wear a GPS monitor for the next 120 days. This order was entered on December 19, 2017. Coplen appealed and his case was submitted to this court on May 14, 2018. At the time of submission, counsel for both Coplen and the government informed the court that the 120-day GPS monitoring period ended on April 16, 2018, and the device was removed from Coplen at that time.

The sole issue in this appeal is the propriety of the finding that Coplen violated his supervision conditions and the attachment of the GPS monitor. Because the revocation sentence has been served (the monitor has been removed), and Coplen has not identified any collateral consequences that might amount to a concrete and continuing injury based upon the revocation, we find that the case is moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that an individual who challenges a parole revocation and has completed the term imposed must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole"); United States v. Stanko, 762 F.3d 826, 828 (8th Cir. 2014) (per curiam) (noting that the possibility of a supervised release violation being held against the defendant in a future proceeding did not establish a concrete and continuing injury). The appeal is dismissed.

_____

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.