**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4765**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHNNY ARTHUR BYRD,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:12-cr-00797-RMG-1)

Submitted:  March 20, 2020                      Decided:  April 8, 2020

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  A. Lance Crick, Acting United States Attorney, Nathan Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Arthur Byrd appeals from the judgment revoking his supervised release and sentencing him to 12 months and 1 day in prison and 30 months of supervised release. On appeal, Byrd does not contest the district court's decision to revoke his supervised release or his prison sentence. Rather, he challenges the special conditions imposed on the term of supervised release, arguing that several conditions are vague and thus not narrowly tailored to involve no greater deprivation of liberty than is reasonably necessary, that the district court erred by improperly delegating its authority to the probation officer, and that the written revocation judgment is inconsistent with the district court's oral pronouncement of sentence.

At the revocation hearing, the district court ordered that Byrd comply with the following special conditions of supervised release:

Number one, [Byrd] will be placed in a residential re-entry center for six months. ["special condition 1"]

Number two, [Byrd] must participate in a cognitive behavioral treatment program and follow the rules and regulation of that program. The probation officer will supervise [Byrd's] participation in the program, provider, location, modality, duration, intensity, et cetera. Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer. [Byrd] must contribute to the costs of such program not to exceed the amount determined reasonable by the court-approved United States Probation Office's Sliding Scale for Services. And the defendant will cooperate in securing any applicable third-party payment such as insurance or [M]edicaid. ["special condition 2"]

Number three, [Byrd] will be monitored by GPS location monitoring for a period of 120 days and must follow the rules of and regulations of the location monitoring program. [Byrd] must contribute to the costs of such program not to exceed the amount determined reasonable by the court approved United States Probation Office's Sliding Scale for Services. ["special condition 3"]

2

Number four, [Byrd] must submit to substance abuse testing to determine if he has used a prohibited . . . substance. [Byrd] must contribute to the costs of such program not to exceed the amount determined reasonable by the court-approved United States Probation Office's Sliding Scale for Services. And he must cooperate in securing any applicable third-party payment such as insurance or [M]edicaid. ["special condition 4"]

J.A. 51-53.[*]

Byrd argues that special conditions 1, 3, and 4 are vague and overly broad and thus are not narrowly tailored to involve no greater deprivation of liberty than is reasonably necessary to serve the sentencing goals in 18 U.S.C. § 3553(a)(2)(B)-(D) (2018). *See* 18 U.S.C. § 3582(d)(2) (2018); *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017). Byrd, however, did not present this claim in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore deem it abandoned. *See EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 122 n.10 (4th Cir. 2018)*; Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015).

Next, Byrd challenges special condition 2, arguing that the district court improperly delegated its authority to impose a special condition of supervision to the probation officer. Specifically, Byrd maintains that, by delegating to the probation officer the "modality," "duration," and "et cetera" conditions governing his participation in a cognitive behavioral treatment program, the district court violated Article III of the Constitution. Byrd did not

---

[*] Citations to the "J.A." refer to the joint appendix submitted by the parties.

3

challenge special condition 2 on this basis in the district court. We therefore review for plain error. *United States v. Ross*, 912 F.3d 740, 746 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). To prevail under the plain error standard, Byrd "must show (1) an error that (2) was clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (internal quotation marks and brackets omitted). "Plain errors exist if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *Ross*, 912 F.3d at 746 (internal quotation marks omitted).

The imposition of conditions of supervised release "is a core judicial function." *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996) (internal quotation marks omitted). Such core judicial functions cannot be delegated to a probation officer. Such delegation violates Article III of the Constitution. *United States v. Johnson*, 48 F.3d 806, 808-09 (4th Cir. 1995).

District courts, however, "may use nonjudicial officers, such as probation officers, to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." *Miller*, 77 F.3d at 77. To determine whether a delegation is proper, courts "distinguish[] between those delegations that merely task the probation officer with performing ministerial acts or support services related to punishment imposed, and those that allow the officer to decide the nature and extent of the defendant's punishment." *United States v. Schrode*, 839 F.3d 545, 555 (7th Cir. 2016) (internal quotation marks omitted). Requiring a defendant to participate in a drug or mental health treatment program as a condition of supervised release is indisputably a judicial function. Delegating to the

4

probation officer the authority to decide whether a defendant will participate in a treatment program is a violation of Article III. *See United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir. 2005) (finding that delegating to probation office authority to decide whether defendant will participate in a treatment program is a violation of Article III); *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001) ("If [defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer."); *see also United States v. Sines*, 303 F.3d 793, 799 (7th Cir. 2002) ("[A] district court . . . must itself impose the actual condition requiring participation in a . . . treatment program."); *United States v. Kent*, 209 F.3d 1073, 1079 (8th Cir. 2000) (finding that district court "improperly delegated a judicial function to [defendant's] probation officer when it allowed the officer to determine whether [defendant] would undergo counseling"). Where, however, conditions of supervised release unequivocally impose a requirement on the defendant but subject the defendant to the 'approval' or 'direction' of a probation officer, such conditions are permissible. *See United States v. Kerr*, 472 F.3d 517, 523-24 (8th Cir. 2006) (finding no impermissible delegation to probation officer where district court made no indication it was relinquishing final authority over defendant's treatment); *United States v. Zinn*, 321 F.3d 1084, 1092 (11th Cir. 2003) (finding no plain error in imposing condition that required defendant to participate as directed in a program of mental health treatment approved by the probation officer); *see also United States v. Nash*, 438 F.3d 1302, 1306 (11th Cir. 2006) (finding improper delegation where court imposed condition of supervised release that stated, "as

5

deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling" (internal emphases omitted)) *Heath*, 419 F.3d at 1315 (finding plain error in imposition of condition that "defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist").

Here, the district court did not commit plain error in connection with special condition 2. The court unequivocally ordered that Byrd participate in a cognitive behavioral treatment program and follow the rules and regulations of that program as a special condition of his supervised release. The court then tasked the probation officer with the authority to determine details needed to fulfill that condition – the identity and location of a program provider, the modality and intensity of treatment, and the duration of the program-all ministerial functions. Byrd challenges the language in the condition delegating to the probation officer supervision over "modality," "duration," and "et cetera" conditions, but we conclude this language is consistent with the permissible delegation to the probation officer of the ministerial duty of ensuring Byrd's successful participation in the treatment program and subjecting him to the administrative supervision of the probation officer. *See United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003) (finding delegating authority to probation officer to select type and extent of treatment for sex offender was not improper); *Peterson*, 248 F.3d at 85 (finding no impermissible delegation where the district court intended nothing more than to delegate to the probation officer the details of the therapy, including selection of provider and schedule of treatment).

Finally, Byrd argues that the written judgment is not consistent with the district court's oral pronouncement with respect to one of the special conditions of supervised

6

release. Specifically, Byrd argues that, unlike special condition 1, the written judgment contains an additional restrictive condition and that vacatur of his sentence is warranted to correct it.

A district court's unambiguous oral pronouncement at sentencing is not negated by a subsequent written judgment that does not reflect the oral sentence. *See Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962). A court "should carry out the true intention of the sentencing judge as this may be gathered from what [the judge] said at the time of sentencing." *United States v. Morse*, 344 F.2d 27, 30 (4th Cir. 1965). Where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control. *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003). The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. *Morse*, 344 F.2d at 30-31 & n. 1; *Rakes*, 309 F.2d at 687-88. Where, however, the specifications in the written judgment merely clarify the oral pronouncement and are not inconsistent with an unambiguous oral pronouncement, then the differing written provisions will not be vacated. *United States v. Kappes*, 782 F.3d 828, 862 (7th Cir. 2015).

In its oral pronouncement of special condition 1, the district court ordered that Byrd be placed in a residential reentry center for six months. The written judgment requires that Byrd be so placed and "submit to all restrictions set by the Bureau of Prisons." J.A. 64. This additional language in the written judgment merely clarified the conditions governing Byrd's behavior during his placement and does not conflict with the oral pronouncement

7

of special condition 1.  Accordingly, vacatur of Byrd's sentence is not warranted in this regard.

Accordingly, we deny Byrd's motion to expedite decision and affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*