William J. DEWEY; Sarah L. Dewey; and Daniel G. Dewey, Appellees,

v.

Curtis M. LUTZ; Marvin D. Lutz; Stella M. Lutz; Paul A. Richter;

Federal Deposit Insurance Corporation, as Receiver of First State Bank of Regent, Appellant,

and John Holm.

No. 90–5300.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1991.

Decided April 9, 1991.

John P. Parker, Washington, D.C., for appellant.

Dann Greenwood, Dickinson, N.D., for appellees.

Before FAGG and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

The Federal Deposit Insurance Corporation appeals from the district court's refusal to remove this case from state to federal court. We affirm.

## PROCEDURAL HISTORY

### I. *State Court Proceedings*

In April 1986, William Dewey, Sarah Dewey, and Daniel Dewey filed suit

---

against Curtis Lutz, Paul Richter, and the Federal Land Bank of St. Paul in a North Dakota state district court. The Deweys alleged that the defendants defrauded them in a real estate transaction. In November 1986, the Deweys amended their complaint to include, among others, the First State Bank of Regent as a defendant. One of the originally named defendants, Paul Richter, was president of this bank.

In September 1988, a jury returned a verdict in favor of the Deweys and against Lutz, Richter, and the First State Bank of Regent. The North Dakota state court entered judgment against the latter defendant in December 1988, and awarded the Deweys $113,000 in actual damages with post-judgment interest accruing at the rate of six percent annually. The court also awarded $25,000 in punitive damages.

The case was appealed to the Supreme Court of North Dakota in June 1990. Before that court could review the decision, the State Banking Board of North Dakota declared the First State Bank of Regent insolvent, closed the institution, and appointed the FDIC as receiver. After this appointment, the FDIC removed this action to federal district court pursuant to 12 U.S.C. §§ 1819(b)(1), (b)(2)(A), and (b)(2)(B).

## II. *Federal District Court Proceedings*

In April 1990, the federal district court denied removal and remanded the action back to the state court. The district court premised its refusal on both statutory and constitutional grounds.

Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), suits to which the FDIC is party are generally deemed to arise under the laws of the United States and, as such,

should be litigated in federal court. 12 U.S.C. § 1819(b)(2)(A). An express exception to this general proviso states, "Any action ... to which the [Federal Deposit Insurance] Corporation in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as plaintiff ... shall not be deemed to rise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(D)(i). Based on this limitation, the district court concluded that since the FDIC was appointed receiver for a state depository institution by state authorities and is a party other than a plaintiff, 12 U.S.C. § 1819(b)(2) did not confer jurisdiction to the federal courts in this action.

The district court reached a similar conclusion after considering whether two other statutory provisions conferred jurisdiction on the federal court. It ruled that 12 U.S.C. § 1819(b)(2)(E) [1] did not alter its application of 12 U.S.C. § 1819(b)(2)(D)(i) since the State Bank of Regent could not have invoked the jurisdiction of the federal court prior to the FDIC's appointment as receiver. Likewise, the court decided that § 1821(d)(13)(B) [2] would not permit removal in this case, reasoning that removal under this provision would "usurp" the limitations clearly set forth in § 1819(b)(2)(D). The district court applied the same logic to deny removal under the general removal statute, 28 U.S.C. § 1441(a).

After considering these statutory provisions, the court examined the issue of comity. Based on concerns of comity, the court concluded that removal would be improper for two reasons. First, it ruled a case could not be removed from a state court to

---

1. 12 U.S.C. § 1819(b)(2)(E) provides:

   Rule of construction.
   Subparagraph (D) [of § 1819(b)(2) ] shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.

2. This section provides:

(B) Rights and remedies of conservator or receiver
   In the event of any appealable judgment, the Corporation as conservator or receiver shall—
   (i) have all the rights and remedies available to the insured depository institution (before appointment of such conservator or receiver) and the Corporation [the FDIC] in its corporate capacity, including removal to Federal court and all appellate rights;
12 U.S.C. § 1821(d)(13)(B).

a federal court after the state court entered a final judgment which terminated litigation. *See Mestice v. McShea et al.,* 201·F.2d 363 (3rd Cir.1953); *Thorp Finance Corp. v. Lehrer,* 587 F.Supp. 533 (E.D.Wis.1984). Second, the court noted that if removal were granted, it would be sitting as an appellate court reviewing a state court decision. Such a scenario offended the district court's senses of comity and federalism.

Pursuant to the discussed analysis, the district court refused removal and remanded this action back to the state court. In response, the FDIC filed a motion to vacate and reconsider. The district court granted the motion to reconsider but refused to vacate its order. This appeal ensued.[3]

After the federal district court's decision but before appellate oral argument, the Supreme Court of North Dakota affirmed the decision of the state district court to award damages to the Deweys. At oral argument, the FDIC contended that removal was still appropriate despite this affirmance by the Supreme Court of North Dakota. The FDIC argued that the finality of the state court decision could be evaded if we were to retroactively accept removal as having occurred on March 22, 1990, the day that the removal petition was filed in federal district court.[4]

The Deweys responded by noting that the federal district court did not issue a stay with its decision to remand this action back to state court. The Deweys further reasoned that in the absence of a stay, the state court was free to resolve the case and to render final judgment. The Deweys' argument concludes that because a final judgment was entered, there is no action pending that can be removed. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3721 at 198–199 (1985) ("A case may not be removed from a state to a federal court after the state court enters a final judgment that terminates litigation.").

### DISCUSSION

At oral argument, the Deweys expressed a willingness to abandon any claims against the First Bank of Regent since they had already collected $200,000, which nearly satisfies their judgment, from the bank president personally. We accept this statement of abandonment. Thus, we do not need to reach the issues discussed by the district court.

The Deweys' abandonment of their claims against the bank inhibits the FDIC, as receiver for the bank, from arguing that it has been or will be unduly prejudiced by the state courts of North Dakota and therefore federal jurisdiction is necessary. Our acceptance of abandonment is without prejudice to the FDIC to raise any issues that it would otherwise be permitted to raise in the event that Richter, the president of the bank from whom the Deweys have already recovered the bulk of their judgment, brings an action for contribution against the FDIC, as receiver for the bank.

On the grounds of abandonment, we affirm the judgment of the district court.

---

**3.** Congress has expressly provided that the FDIC may appeal any order of remand entered by a federal district court. 12 U.S.C.A. § 1819(b)(2)(C).

**4.** In a supplemental brief filed after oral argument, the FDIC outlined several procedural avenues for removal in this case. Due to the basis of our holding, we need not discuss the merits of the FDIC's arguments.