**WASTE MANAGEMENT OF ILLINOIS, INC., Petitioner,**

v.

**U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., Respondents.**

No. 89–1297.

United States Court of Appeals, District of Columbia Circuit.

Decided Sept. 24, 1991.

Rehearing Denied Dec. 6, 1991.

Richard B. Stewart, Asst. Atty. Gen., U.S. Dept. of Justice, Joseph Freedman, Atty., E.P.A., and Kaye Allison, Washington, D.C., Attorney, Dept. of Justice, were on the motion to dismiss.

Angus Macbeth and Peggy L. O'Brien, Washington, D.C., were on the response to the motion to dismiss.

Before BUCKLEY, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTION TO DISMISS

PER CURIAM:

The petitioner, Waste Management of Illinois ("WMI"), challenges the validity of

an Environmental Protection Agency ("EPA") regulation promulgated in 1980 under the Resource Conservation and Recovery Act ("RCRA"). *See* 42 U.S.C. §§ 6901 *et seq.* The regulation, 40 C.F.R. § 271.19(a), authorizes a regional EPA administrator to review state hazardous waste permit applications and to institute enforcement proceeding against the holders of such permits. The EPA moves to dismiss on the ground that WMI's challenge is untimely because not brought within ninety days after the regulation was promulgated, as required by statute. WMI seeks to excuse its untimeliness claiming reliance on the settlement of a previous challenge to the regulation in which the EPA and various other parties stipulated that the challenge was unripe. We hold that WMI's reliance on the settlement agreement does not excuse its failure to challenge the regulation within the time limits prescribed by Congress. We therefore grant the respondent's motion to dismiss the petition as untimely.

## I.

RCRA provides a comprehensive federal program for the management of hazardous waste. *See Hazardous Waste Treatment Council, v. Reilly,* 938 F.2d 1390 (D.C.Cir. 1991). Under RCRA, a permit must be obtained before any person may operate a facility for the disposal of hazardous waste. *See* 42 U.S.C. § 6925. RCRA permits states to establish their own hazardous waste programs, in lieu of the federal program, after obtaining EPA approval. *See* 42 U.S.C. § 6926(b). After a state program has been approved, any action taken by the state "shall have the same force and effect as action taken by the Administrator under this subchapter." 42 U.S.C. § 6926(d). When an approved state hazardous waste program is in effect, the EPA may nonetheless issue its own enforcement orders or institute a civil action to remedy a RCRA violation after notifying the state. *See* 42 U.S.C. § 6928(a)(1)–(3).

The regulation at issue was promulgated on May 19, 1980. Under the regulation, a regional EPA administrator may comment on a permit application or draft permit issued under an approved state program. *See* 40 C.F.R. § 271.19(a). The regulation also confers authority on a regional EPA administrator to institute an action against a state-issued permit holder for non-compliance with any condition the regional administrator deems necessary to implement authorized state program requirements. *Id.* § 271.19(e).

The validity of this and several other regulations was challenged in *Natural Resources Defense Council, Inc. v. EPA,* Nos. 80–1607 *et al.,* (D.C.Cir. filed June 2, 1980). Among the intervenors in that proceeding was the National Solid Waste Management Association ("NSWMA"), of which WMI is a member. On November 16, 1981, a settlement was reached in which the EPA and other parties, including NSWMA, stipulated that the regulation was not ripe for review. The settlement agreement contains the following language:

> Issue 21, insofar as it involves EPA's authority to enforce State program requirements not included in State-issued RCRA permits, is not ripe for review in this litigation and if a permittee who is represented in this litigation later raises this issue in a civil or criminal enforcement proceeding, EPA will not object on the ground that the issue could have been raised in this litigation.

Respondent's Memorandum in Support of Motion to Dismiss, Addendum A at 2–3.

In January, 1986, the EPA approved a hazardous waste program developed by the State of Illinois. Pursuant to this approval, on May 22, 1987, the Illinois Environmental Protection Agency ("IEPA") issued a draft Part B RCRA permit for a hazardous waste disposal facility owned and operated by WMI and known as "CID." The draft permit required WMI to monitor the groundwater at two aquifers underlying the facility. The draft permit was submitted for comment to the EPA, which concluded that the draft permit complied with authorized state program requirements.

Approximately six months later, the EPA became aware that the terms of the draft permit had been modified and requested an opportunity to comment on the revision. After again reviewing the draft permit, on January 25, 1988, the EPA sent the IEPA a letter indicating that the groundwater monitoring requirements were inconsistent with authorized state program requirements and listing the conditions the permit had to include to ensure compliance. The letter further indicated that the EPA might institute enforcement proceedings if the conditions were not incorporated in the permit or if WMI failed to comply with the conditions. The IEPA responded to the letter but failed to incorporate the conditions into the final permit, which it issued on March 4, 1988.

On March 31, 1988, WMI instituted an action against the EPA in the United States District Court for the Northern District of Illinois, claiming, *inter alia,* that the EPA lacked authority to impose any conditions beyond those contained in the final permit issued by the IEPA. *See Waste Management of Illinois, Inc. v. EPA,* 714 F.Supp. 340, 344 (N.D.Ill.1989). The Illinois district court, however, declined to address WMI's claims. Characterizing WMI's complaint as an attack on the validity of 40 C.F.R. § 271.19(a), that court held that exclusive jurisdiction lies with the United States Court of Appeals for the District of Columbia Circuit. *See Waste Management,* 714 F.Supp. at 346. Accordingly, it transferred the case to this court pursuant to 28 U.S.C. § 1631. The EPA now moves to dismiss the action on the ground that WMI's challenge to the validity of the regulation is untimely.

## II.

In order to obtain judicial review of a regulation promulgated under RCRA, a petition for review must be filed in this court within ninety days of the promulgation of the regulation. *See* 42 U.S.C. § 6976(a)(1). WMI does not dispute that its petition challenges the validity of 40 C.F.R. § 271.19 and thus must be brought under 42 U.S.C. § 6976(a)(1). Rather, WMI contends that the ninety-day requirement has been either met or waived for the following reasons. First, WMI asserts it made a timely request for review based upon NSWMA's intervention in the 1980 litigation. Alternatively, WMI argues that even if it did not challenge section 271.19 in a timely fashion, other similarly situated parties filed timely petitions and entered into the 1980 settlement agreement containing the ripeness provision. Citing *Eagle–Picher Industries, Inc. v. EPA,* 759 F.2d 905, 914 (D.C.Cir.1985), WMI contends that it is similarly situated to those petitioners who timely challenged the regulation in 1980 and is thus entitled to rely on the determination that the regulation was not ripe for review. Finally, WMI asserts that the EPA's course of conduct is manifestly unjust because the EPA originally stipulated that the 1980 litigation was unripe but now takes the contrary position that the petition should have been prosecuted in 1980. WMI accordingly insists that reliance on the settlement agreement was justified and that denying judicial review now is therefore unfair. We find none of these arguments persuasive.

■ We reject WMI's first contention, that it brought a timely challenge to the regulation based on NSWMA's intervention in the 1980 litigation, for the following reasons. First, it is not clear that an association's participation in an action automatically confers party status on each of its members. *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 342–45, 97 S.Ct. 2434, 2440–42, 53 L.Ed.2d 383 (1977), which WMI cites for that proposition, merely states that some associations have standing to pursue claims on behalf of their members. More importantly, NSWMA's intervention came too late to aid WMI. To the extent that this court has discretion to treat a motion to intervene as a petition for review, that discretion must be exercised in accordance with the jurisdictional requirements of RCRA. *See Process Gas Consumers Group v. FERC,* 912 F.2d 511, 515 (D.C.Cir.1990). Thus, in *Process Gas,* which involved review of a Federal Energy Regulatory Commission order under the Natural Gas Act, the court disal-

lowed an intervenor from assuming the role of a petitioner after the original petitioner had withdrawn because, among other things, the notice of intervention was filed beyond the jurisdictional time limit. Similarly, NSWMA's motion to intervene in this case was filed well beyond RCRA's ninety-day statutory period and, therefore, even if treated as a petition for review, must be considered untimely.

▇ WMI's argument that it was entitled to rely on a stipulation in the settlement agreement that the regulation was not ripe in 1980 is equally unavailing and is foreclosed by this court's decision in *Eagle–Picher Industries, Inc. v. EPA,* 759 F.2d 905, 914 (D.C.Cir.1985). In that case, various parties sought review of a Hazardous Ranking System ("HRS") developed by the EPA to determine which hazardous waste sites were to be placed on the National Priority List ("NPL") for Superfund cleanup, but all the petitions were filed beyond the ninety-day period prescribed by CERCLA. The petitioners sought to excuse their untimeliness on the ground that they had assumed their challenge to the HRS was not ripe for review until the NPL was promulgated. The court squarely rejected this argument as "patently untenable." *Eagle–Picher,* 759 F.2d at 909. The court emphasized that "petitioners who delay filing requests for review on their own assessment of when an issue is ripe for review do so at the risk of finding their claims time-barred," *id.,* and noted it had "previously admonished petitioners of the wisdom of filing protective petitions for review during the statutory period," *id.* at 912. The court further declared:

> [E]xcept where events occur or information becomes available after the statutory review period expires that essentially create a challenge that did not previously exist, or where a petitioner's claim is, under our precedents, *indisputably* not ripe until the agency takes further action, we will be very reluctant, in order to save a late petitioner from the stric-

tures of a timeliness requirement, to engage in a retrospective determination of whether we would have held the claim ripe had it been brought on time.

*Id.* at 914. Because the present case falls within neither of the exceptions set out in *Eagle–Picher,* we decline to undertake a ripeness assessment.

▇ Finally, we reject WMI's fairness argument because it is not clear what WMI chose to forego in reliance on the settlement agreement. To the extent WMI decided not to seek judicial review because of the settlement agreement, it is important to note that when the parties to the 1980 litigation entered into the settlement agreement on November 16, 1981, the statutory period for obtaining judicial review had elapsed nearly fifteen months earlier. Thus, WMI could not have relied on the settlement agreement in choosing not to seek review during the ninety-day period following promulgation of the regulation. In any event, the EPA was powerless to waive compliance with the ninety-day jurisdictional requirement. *See Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 473–74 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).

For the preceding reasons, we conclude that WMI's challenge to the validity of 40 C.F.R. § 271.19 is untimely and that this court is therefore without jurisdiction to hear it. Accordingly, the petition for review is dismissed. In addition, the petitioner's motion to file a surreply is granted, and the request for oral argument is dismissed as moot.

*So ordered.*