# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1851

_____

| | | |
|---|---|---|
| Hyun Min Park, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Michael Heston, District Director, | * | Eastern District of Missouri. |
| Immigration and Naturalization | * | |
| Service; Janet Reno, Attorney General | * | |
| of the United States, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 13, 2001

Filed: April 3, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

On August 14, 1998, the Immigration and Naturalization Service (INS) determined that Hyun Min Park, a South Korean national in the United States on a temporary visa, was working without authorization. Park appeared at a removal hearing on October 1, 1998, in Las Vegas, Nevada. She was granted voluntary departure in lieu of removal until November 2, 1998, and an alternate order of removal

was entered should she fail to depart. On October 31, 1998, new counsel entered an appearance for Park and filed a notice of appeal with the Board of Immigration Appeals, listing Park's residence as Manchester, Missouri. The BIA returned the notice to Park for failure to comply with the applicable filing rules, and on November 12, 1998, Park filed a proper notice of appeal, which the INS dismissed on October 12, 1999, because she had affirmatively waived her appeal, rendering the immigration judge's determination final. On November 5, 1999, the INS issued a warrant of removal directing INS officers to take Park into custody and remove her from the United States, and issued a "bag and baggage" letter directing Park to report to the INS office in Las Vegas in preparation for removal to South Korea on November 29, 1999.

On November 26, 1999 Park filed a petition purporting to request a writ of habeas corpus based on due process violations and arguing the merits of the INS's determination in district court in the Eastern District of Missouri. Thereafter, she failed to report as ordered. After preliminarily enjoining the removal, the district court denied the petition on February 22, 2000, and Park appealed to this court.

At oral argument, Park's counsel, abandoning any argument that a writ of habeas corpus should have issued, argued only the merits of the INS's deportation actions. Pursuant to 8 U.S.C. § 1252(b)(1-2), however, review of such deportation determinations is available only if notice of appeal is filed within thirty days of the issuance of the final order of removal in "the court of appeals for the judicial circuit in which the administrative proceedings were completed," in this case the Ninth Circuit.

We choose not to dismiss Park's petition for direct review, however, because we find that the interests of justice warrant transfer of this action to the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 1631; Gunn v. Dep't of Agric., 118 F.3d 1233, 1240 (8th Cir. 1997). Section 1631 authorizes federal courts to transfer actions in order to cure a want of jurisdiction.

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action of appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred.

§ 1631.

"Section 1631 was enacted so that parties confused about which court has subject-matter jurisdiction would not lose an opportunity to present the merits of a claim by filing in the wrong court and then, upon dismissal, having the claim barred by a statute of limitations." Gunn, 118 F.3d at 1240. We recognize, however, that "[a] transfer can remedy the mistake of filing in the wrong court, but not the mistake of filing in an untimely manner." Billops v. Department of the Air Force, 725 F.2d 1160, 1163 (8th Cir. 1984). "[Section 1631] grants this court power to transfer a case in which it lacks jurisdiction to the proper federal court provided that had the case been filed in the proper court on the date it was filed in this court, the filing would have been timely." Billops, 725 F.2d at 1163 (emphasis in original). The notice of appeal filed in this court on March 22, 2000, would have been untimely according to § 1252(b)(1) had it been filed with the correct court, and we therefore lack authority to order transfer under § 1631. Park's petition for review in the district court, however, may have been timely, depending on the resolution of an open question of which of the INS's actions constitutes the relevant "final order of removal" for purposes of § 1252(b)(1)'s thirty-day time limit. We do not have jurisdiction to consider this question, nor does the district court. We conclude, therefore, that the interests of justice and the underlying purpose of § 1631 are best served by reading that section to authorize the district court to transfer the petition to the Ninth Circuit to cure the jurisdictional defect.

Consequently, Park's petition for direct review of the INS's actions is remanded to the district court, which is directed to transfer it to the United States Court of Appeals for the Ninth Circuit. The district court's denial of Park's petition for habeas relief, however, is affirmed on grounds of abandonment. See Dewey v. Lutz, 930 F.2d 597, 599 (8th Cir. 1991).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.