# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1933

_____

Nyffeler Construction, Incorporated

*Plaintiff - Appellant*

v.

Secretary of Labor

*Defendant - Appellee*

Andrea Christensen Luby; Office of the Solicitor

*Defendant*s

_____

Petition for Review of an Order of the
Occupational Safety & Health Review Commission

_____

Submitted: May 14, 2014
Filed: July 28, 2014

_____

Before SMITH, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Nyffeler Construction, Inc. (Nyffeler) petitions for review of an adverse agency decision by the Occupational Safety and Health Review Commission (Review Commission). Because we lack jurisdiction over this untimely petition, we dismiss.

## I.     BACKGROUND

Nyffeler is a residential construction company operating in Omaha, Nebraska. On February 24, 2011, while inspecting a nearby worksite, Occupational Safety and Health Administration (OSHA) inspectors observed two Nyffeler employees on a roof without fall protection at a Nyffeler worksite. The inspectors phoned other OSHA compliance officers and alerted them of possible safety violations. Acting on the referral, two compliance officers arrived at Nyffeler's worksite and observed and photographed two employees installing roof sheathing without fall protection. Compliance officer Matthew Thurlby observed that the roof's slope was greater than four in twelve (vertical to horizontal), and, upon further investigation, the officers discovered the distance from the eave of the roof to the ground was ten feet, nine inches. After making initial observations, the compliance officers made contact with Greg Nyffeler, one of Nyffeler's owners, who complied with their inspection requests.

Eventually, OSHA issued a Citation and Notification of Penalty to Nyffeler, alleging serious violations of the Occupational Safety and Health Act (the "Act"). Specifically, OSHA cited Nyffeler for failing to use fall protection and failing to provide employees a training program to recognize fall hazards. Nyffeler challenged the citation before the Review Commission. After hearing evidence, an administrative law judge (ALJ) for the Review Commission affirmed the two cited violations, but reduced the penalty from $8,400 to $3,400. The ALJ also noted that Nyffeler challenged the constitutionality of the Act, but recognized that it did not have jurisdiction to entertain constitutional challenges. On April 4, 2012, the ALJ docketed his report and a Notice of Docketing was sent to Nyffeler. Nyffeler sought further agency review by the Review Commission. The Review Commission denied

discretionary review, making the ALJ's decision the Review Commission's final order on May 4, 2012.

Nyffeler then sought judicial review. However, instead of seeking review in the appropriate court of appeals as the Act requires, see 29 U.S.C. § 660(a), on July 5, 2012, Nyffeler mistakenly filed for review in the United States District Court for the District of Nebraska. Recognizing Nyffeler's mistake, the Secretary of Labor (the "Secretary") requested that the district court transfer the case to the Eighth Circuit Court of Appeals. In its transfer motion, the Secretary incorrectly informed the district court that the Review Commission's order became final on May 7, 2012–three days later than the actual final order date. Relying on the Secretary's representations, the district court determined that if it dismissed the case and ordered Nyffeler to re-file in the Eighth Circuit, its petition would be untimely. See id. (requiring petition for judicial review to be filed within 60 days of order's issuance). Therefore, the district court transferred the case to this court pursuant to 28 U.S.C. § 1631 (allowing a court without jurisdiction to transfer the case to the appropriate court if the petition for review is timely filed and the transfer serves the interest of justice).

After the case was transferred to this court, the Secretary, apparently discovering that the Review Commission's order became final on May 4–not May 7, as previously represented to the district court–moved to dismiss Nyffeler's petition for review for lack of jurisdiction. Nyffeler moved to strike the Secretary's motion for failing to comply with Eighth Circuit Rule 47A(b), which requires an appellee to file a motion to dismiss based on jurisdiction within fourteen days after the case has been docketed. Although Nyffeler moved to strike the Secretary's motion, it noted that "even if [the court] strikes the pending motion, the Court is free to raise the issues presented in the Secretary's motion sua sponte, if it sees fit, and such issues could be addressed at oral argument or through briefing before or after oral argument." Without explanation, an administrative panel for this circuit denied the Secretary's

motion to dismiss and, accordingly, denied Nyffeler's motion to strike as moot. The petition for review remains pending before this court.

## II.    DISCUSSION

In this petition for review, Nyffeler challenges OSHA's referral method and inspection of Nyffeler's worksite on regulatory, statutory, and constitutional grounds. The Secretary, however, maintains that it is unnecessary to reach the merits, because we lack subject matter jurisdiction. We begin and end with the jurisdictional question.

The Act permits an employer to challenge a citation issued by the Secretary before the Review Commission. 29 U.S.C. § 659(c). When an employer challenges a citation, an ALJ for the Review Commission shall hear the grievance and "make a report of any such determination which constitutes his final disposition of the proceedings." 29 U.S.C. § 661(j). Absent further discretionary action by a Review Commission member, "[t]he report of the [ALJ] shall become the final order of the Commission within thirty days after such report by the [ALJ]." Id. An agency regulation clarifies that the ALJ's decision becomes the Review Commission's final order the "thirtieth day following the date of docketing of the Judge's report." 29 C.F.R. § 2200.90(d). If the employer remains unsatisfied with the Review Commission's final order, the Act allows the employer to seek judicial review by filing a petition "in [the appropriate court of appeals] within sixty days following the issuance of such order." 29 U.S.C. § 660(a).

Here, the ALJ docketed his report on April 4, 2012, and because the Review Commission did not grant discretionary review, the ALJ's decision became the Review Commission's final order on May 4, 2012. Therefore, Nyffeler's final day to seek judicial review was July 3, 2012, sixty days after the final order. Nyffeler seems to concede that its July 5 petition was late. However, Nyffeler provides three reasons

why the untimely filing does not deprive this court of jurisdiction. First, Nyffeler argues that because the Secretary did not object to subject matter jurisdiction before the district court–and in fact provided the wrong final order date to the district court–the Secretary has waived any challenge to this court's jurisdiction. Second, according to Nyffeler, because an administrative panel of this court denied the Secretary's motion to dismiss for want of subject matter jurisdiction, such ruling became the law of the case. Finally, Nyffeler asserts that whether a petition for review is timely filed is a question of fact, and because the Secretary never challenged the district court's finding of fact by appealing the transfer order, we are bound by such factual finding. We find these arguments unpersuasive.

The Supreme Court "has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional," and if a party fails to appeal "within the time limited by the acts of Congress, [the case] must be dismissed for want of jurisdiction." Bowles v. Russell, 551 U.S. 205, 209, 213 (2007) (internal quotations omitted). The statutory limitation is rigid. "The parties cannot waive it, nor can a court extend that deadline for equitable reasons." Dolan v. United States, 130 S. Ct. 2533, 2538 (2010). Not only may a party never waive the court's jurisdictional authority to hear a case, but we "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Accordingly, we find it of no consequence that the Secretary mistakenly believed that Nyffeler's petition was timely before the district court.

We are also unconcerned that a prior administrative panel for this circuit denied the Secretary's motion to dismiss for want of jurisdiction. As the present case illustrates, administrative panel review is generally "summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." In re Rodriguez, 258 F.3d 757, 759 (8th Cir. 2001) (per curiam) (quotation omitted). Thus, the prevailing view in this circuit is that "a hearing panel

of this court to whom the entire case has been referred for disposition is free to revisit a motion to dismiss for want of appellate jurisdiction even though an administrative panel of the court has previously denied such a motion." Id. at 758; see also Iowa League of Cities v. E.P.A., 711 F.3d 844, 854-55 n.1 (8th Cir. 2013) ("Our ability to make a final decision on jurisdiction is unaffected by the rulings of [prior administrative panels.]"); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478.5 (2d ed.) (discussing appropriateness of merits panel reconsidering jurisdiction and timeliness of appeal).

Despite this clear jurisprudence on the issue, precedent predating this circuit's now-prevailing view suggests that an administrative panel's decision to deny a motion to dismiss for lack of jurisdiction becomes "the law of the case, ordinarily to be adhered to in the absence of clear error or manifest injustice." McCuen v. Am. Cas. Co. of Reading, Pa., 946 F.2d 1401, 1403 (8th Cir. 1991); see also Ritchie Special Credit Invs., Ltd v. United States Tr., 620 F.3d 847, 856 (8th Cir. 2010) (Colloton, J., concurring). For the law of the case doctrine to have any application, however, the prior administrative panel must have actually decided the specific jurisdictional issue. See 18B Wright & Miller, Federal Practice and Procedure § 4478 (2d ed.) ("Actual decision of an issue is required to establish the law of the case. Law of the case does not reach a matter that was not decided."). In this vein, we have refused to apply the doctrine where a decision fails to provide "sufficient directness and clarity to establish the settled expectations of the parties necessary for the subsequent application of the law of the case doctrine." First Union Nat'l Bank v. Pictet Overseas Trust Corp., 477 F.3d 616, 621 (8th Cir. 2007).

Here, there are *at least* three reasons the administrative panel may have denied the Secretary's motion, two of which have nothing to do with the jurisdictional merits. To be sure, the panel may have denied the motion to dismiss for failing to satisfy the fourteen-day rule time limitation. See 8th Cir. R. 47A(b). Additionally, the administrative panel may have accepted Nyffeler's invitation to allow the hearing

panel to decide the jurisdictional question. Consequently, even if a hearing panel should "ordinarily" adhere to an administrative panel's jurisdictional determination on a motion to dismiss, here, as is often the case, the administrative panel's decision lacks "sufficient directness and clarity" for us to know whether the administrative panel even reached the jurisdictional merits. Accordingly, to the extent McCuen and other decisions, as the earlier precedent, arguably have precedential force on this issue, see United States v. Johnson, 688 F.3d 494, 501 (8th Cir. 2012), we conclude that the law of the case doctrine does not apply under present circumstances, and, therefore, the prior administrative panel's ruling does not constrain our ability to consider the jurisdictional question.

Finally, we reject Nyffeler's argument that the Secretary was required to appeal the transfer order to challenge the district court's findings on the petition's timeliness. First, to label the district court's order as containing any findings of fact is a generous reading of that order. Second, under the federal transfer statute, 28 U.S.C. § 1631, "[a] transfer can remedy the mistake of filing in the wrong court, but not the mistake of filing in an untimely manner." Hyun Min Park v. Heston, 245 F.3d 665, 667 (8th Cir. 2001) (alteration in original) (quotation omitted). When a party files an untimely notice of appeal in the wrong court, that court lacks authority to transfer. See id. And, even if a transfer order has not been appealed, "it is incumbent upon this court to establish that it has jurisdiction as a result of that transfer as this court has only the jurisdiction that Congress has conferred upon it by statute." In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989) (internal quotation omitted); see, e.g., Waste Mgm't of Ill. v. E.P.A., 945 F.2d 419, 421 (D.C. Cir. 1991) (per curiam) (dismissing untimely petition for review after transfer from district court under § 1631). Here, due to the untimely petition, the district court never had authority to transfer the case to this court pursuant to § 1631, and regardless of whether that order has been appealed, we must still determine whether we have jurisdiction as a result of the transfer. Given the untimely petition, we have no jurisdiction under § 660(a).

## III. CONCLUSION

We dismiss the petition for review for want of jurisdiction.

_____