# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1902
_____

Christine M. Nordgren

*Plaintiff - Appellant*

v.

Hennepin County; Hennepin County Human Services and Public Health Department; Nystrom & Associates, Ltd.; Michael O. Freeman, Hennepin County Attorney; Katy L. Stesniak, Assistant Hennepin County Attorney; David John Hough, Hennepin County Administrator; Jodi Wentland, Hennepin County Director of Human Services; Joan Granger-Kopesky, Director of Hennepin County Child and Family Services; Jodi Harpstead, Commissioner, Minnesota Department of Human Services; Mary Kay Libra, Hennepin County Child and Family Services Social Worker; Rochelle Anderson; Craig Rice; Susan Vinge

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 14, 2023
Filed: March 21, 2024
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Christine M. Nordgren's parental rights for her two children were terminated in Minnesota state court. She did not appeal or challenge the termination order. Instead, Nordgren brought this federal action against the Minnesota Department of Human Services; Hennepin County and various Hennepin County officers and employees; and several therapists who provided therapeutic services to Nordgren's children while Nordgren and her children were involved in child protection proceedings. Nordgren has alleged various constitutional, federal, and state claims. For relief, she seeks a money judgment in the form of nominal, general, special, compensatory, and punitive damages as well as the recovery of attorney's fees and costs. After the district court[1] dismissed all federal claims and declined to exercise supplemental jurisdiction over the pendent state law claims, Nordgren filed a motion entitled "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)." The district court construed Nordgren's motion as a request for the court to reconsider its prior rulings and for permission to amend her pleadings and denied it. Nordgren then filed a notice of appeal.

More specifically, on August 25, 2021, the district court entered an order dismissing Nordgren's claims and her action in its entirety. In that same order, after finding all proposed amendments would be futile, the district court denied Nordgren's request to amend her complaint to add additional claims and to add her children as parties. The Clerk entered judgment on September 1, 2021.

On September 27, 2021, Nordgren filed what she characterized as a motion to alter or amend the judgment under Rule 59(e). The defendants filed briefs opposing Nordgren's motion. The district court, on April 15, 2022, denied Nordgren's motion for several reasons. One, the court found that the motion did not fall within Rule 59(e) because Nordgren was reiterating arguments already considered by the court and rejected. Two, the outcome Nordgren was seeking was in effect a reversal of the court's prior rulings to allow her a chance to file a second amended complaint

---

[1]The Honorable John R. Tunheim, then Chief Judge of the United States District Court for the District of Minnesota.

which, according to Nordgren, "would state actionable claims against the named defendants." And three, because the motion was in actuality a motion to reconsider, it was subject to denial for failure to comply with the local rules governing motions to reconsider. Two weeks later, Nordgren filed her notice of appeal in the district court, which was transmitted to this Court on May 2, 2022.

On May 13, 2022, the Hennepin County defendants/appellees moved to dismiss Nordgren's appeal as untimely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1). Other defendants/appellees joined the motion. The appellees asserted Nordgren's appeal was untimely because she did not timely appeal from the judgment entered on September 1, 2021, and the district court's order denying her motion for reconsideration was not separately appealable and did not operate to toll the appeal period. On June 1, 2022, at the direction of the Court, the Clerk entered a one-sentence order on the motion, stating: "The motion to dismiss the appeal is denied." The case was assigned to us for disposition and several of the appellees renewed their arguments that the Court lacks jurisdiction because the notice of appeal was untimely filed. We begin and end with the jurisdictional question.

The Supreme Court has determined that filing an appeal within the statutory prescribed time frame is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007). But, unlike a statutory deadline, a time limit prescribed in a court-made rule is a mandatory claim-processing rule subject to waiver or forfeiture. See Hamer v. Neighborhood Hous. Servs. of Chicago, 583 U.S. 17, 20 (2017). In other words, a properly invoked mandatory claim-processing rule must be enforced by the court but does not compel the same result as a jurisdictional limit because a party may waive or forfeit enforcement of the rule. Here, appellees have not waived or forfeited enforcement of the rules governing the time for filing a notice of appeal.

A threshold issue we must first address is our authority to consider the jurisdictional issue. Our case law reflects a period during which a hearing panel's authority to review an administrative panel's denial of a motion to dismiss for lack of jurisdiction was in flux. Any tension or inconsistency, however, was resolved a

decade ago. In <u>Nyffeler Constr., Inc. v. Sec'y of Labor</u>, 760 F.3d 837 (8th Cir. 2014), the Clerk, at the direction of the Court, entered an order stating: "Appellee's motion to dismiss has been considered by the court, and the motion is denied." The case was set on for argument before a hearing panel, with the Secretary maintaining that it was unnecessary to reach the merits because the Court lacked subject matter jurisdiction. In disposing of the case, the Court noted several unique aspects of an administrative panel's review that differed from a hearing panel's review, including that review is "generally summary in character, often made on a scanty record, and not entitled to the weight of a decision made after plenary submission." <u>Id.</u> at 841. After reciting those aspects of administrative panel review, the Court succinctly stated that "the prevailing view in this circuit is that a hearing panel of this court to whom the entire case has been referred for disposition is free to revisit a motion to dismiss for want of appellate jurisdiction even though an administrative panel of the court has previously denied such a motion." <u>Id.</u> (citations omitted). The <u>Nyffeler</u> Court expressly rejected application of law of the case doctrine in this context "where a decision fails to provide 'sufficient directness and clarity to establish the settled expectations of the parties necessary for the subsequent application of the law of the case doctrine.'" <u>Id.</u> (quoting <u>First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.</u>, 477 F.3d 616, 621 (8th Cir. 2007)).

Despite our prior panel rule, a hearing panel in 2017 invoked the law of the case doctrine and declined to review an administrative panel's denial of a motion to dismiss for lack of jurisdiction. <u>Thompson v. United States</u>, 872 F.3d 560, 565 (8th Cir. 2017) (quoting <u>Williams v. Emp'lrs Mut. Cas. Co.</u>, 845 F.3d 891, 897 (8th Cir. 2017); <u>see</u> <u>McCuen v. Am. Cas. Co. of Reading, Penn.</u>, 946 F.2d 1401, 1403 (8th Cir. 1991) (stating a hearing panel has the power to re-examine a motion to dismiss for want of jurisdiction but an administrative panel's decision is the law of the case). Like in this case and in <u>Nyffeler</u>, the Clerk in <u>Thompson</u>, at the direction of an administrative panel, entered a one-sentence order stating: "Appellee's motion to dismiss the appeal is denied."

The situation before us, however, is distinguishable from Thompson where the Court stated that the record on the jurisdictional question was unchanged. It is also distinguishable from other cases, like McCuen, where the Court found no showing of compelling circumstances to warrant review of the jurisdictional issue. See McCuen, 946 F.2d at 1403 (declining to review motion to dismiss after "see[ing] no such compelling circumstances here"). The record in this case has been developed since the administrative panel's summary denial. With the summary nature of the Clerk's order, which lacked sufficient directness or clarity, we cannot discern whether the administrative panel might have relied on any other alternative avenue set forth in Rule 4(a)(4) for tolling the appeal deadline. See, e.g., Fed. R. App. 4(a)(4)(vi) (listing a motion under Fed. R. Civ. P. 60(b) as one that tolls the appeal deadline until the motion is decided). The administrative panel might have been concerned about the possibility that Nordgren had sought relief under Rule 60(b). At oral argument, any uncertainty was resolved. Nordgren's counsel expressly disavowed application of any other rule, including specifically Rule 60(b) of the Federal Rules of Civil Procedure, insisting that relief was attempted to be sought solely under Rule 59(e). And we already know from the district court's order that Nordgren did not file a proper Rule 59(e) motion. Under these circumstances, controlling precedent permits us to consider the jurisdictional question raised via a motion and renewed by appellees in their briefs. Nyffeler, 760 F.3d at 841-42.

Although Nordgren captioned her motion as seeking relief under Rule 59(e), it is "the substance of a motion rather than the form of a motion [that] is controlling." BBCA, Inc. v. United States, 954 F.2d 1429, 1431-32 (8th Cir. 1992). Rule 59(e) was adopted as a mechanism for the district court to correct its own mistakes shortly after entering judgment. Banister v. Davis, 580 U.S. __, 140 S. Ct. 1698, 1703 (2020). It is limited to correcting "manifest errors of law or fact" or as a way for a party to provide the court with newly discovered evidence. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988)). Rule 59(e) has a corrective purpose and as such cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the

issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting.  See id.

Nordgren did not explain or identify any manifest error of law or fact or any proper basis for relief under Rule 59(e).  The district court did not err in characterizing Nordgren's motion as one for reconsideration of its order dismissing her claims.  The Federal Rules of Civil Procedure do not mention motions for reconsideration.  A motion to reconsider is not recognized as one that will extend the period for filing a notice of appeal.  See Fed. R. App. P. 4(a)(4).  Because Nordgren did not present the district court with a motion that satisfied the purposes of Rule 59(e), the appeal period began to run on September 1, 2021, the date judgment was entered.  Because Nordgren did not file her appeal within 30 days after entry of the judgment dismissing her claims, her notice of appeal was untimely.

For the foregoing reasons, we dismiss the appeal for want of jurisdiction.

MELLOY, Circuit Judge, dissenting.

I respectfully dissent from dismissal of the appeal in this case.  The issue of the timeliness of the appeal has been decided by an administrative panel of our court and therefore constitutes the law of the case.  Without a showing of clear error or manifest injustice, it is my belief that the administrative panel decision should result in a denial of the renewed motion to dismiss.  I submit we should proceed to decide the merits of the case and not revisit the administrative panel decision.

The majority opinion indicates that there was a period during which a hearing panel's authority to review an administrative panel decision for lack of jurisdiction was in flux.  I must respectfully disagree.  This issue was definitively decided by our court in McCuen v. American Casualty Company of Reading, Pennsylvania, 946 F.2d 1401, 1403 (8th Cir. 1991).  The McCuen court held that an administrative panel decision to deny a motion to dismiss for want of jurisdiction constitutes the

-6-

law of the case unless there is a showing of manifest injustice or clear error. Id. Any flux was created when a subsequent panel took a different approach in Nyffeler Construction, Incorporated v. Secretary of Labor, 760 F.3d 837, 842 (8th Cir. 2014). The Nyffeler opinion instituted a new test for determining whether a prior administrative panel ruling will be followed by a merits panel. The Nyffeler court indicated that an administrative panel decision did not have to be followed if it "lacks 'sufficient directness and clarity.'" Id. (quoting First Union Nat'l Bank v. Pictet Overseas Trust Corp., 477 F.3d 616, 621 (8th Cir. 2007)). But this standard as announced in Nyffeler came from our court's discussion of the "law of the case" as applied to an unappealed district court decision. See First Union Nat'l Bank, 477 F.3d at 621. It did not originate from an analysis of a prior court of appeals decision in the same case.

I do not agree that the Nyffeler court resolved any inconsistency or tension in the law. As indicated in the majority opinion, after the issuance of Nyffeler, at least two decisions from our court followed the dictates of the McCuen decision and applied the law of the case to an administrative panel decision. See Thompson v. United States, 872 F.3d 560, 564–65 (8th Cir. 2017) ("'an administrative panel's denial of a motion to dismiss for lack of jurisdiction typically is the law of the case, ordinarily to be adhered to in the absence of clear error or manifest injustice'" (quoting Williams v. Emp'rs Mut. Cas. Co., 845 F.3d 891, 897 (8th Cir. 2017) (also following McCuen)). See also Ritchie Special Credit Invs., Ltd., v. U.S. Trustee, 620 F.3d 847, 856 (8th Cir. 2010), (Colloton, J., concurring in the judgment) ("An administrative panel of this court previously denied the appellees' motion to dismiss the appeal for lack of jurisdiction, see Order (Nov. 9, 2009), and that decision 'is the law of the case, ordinarily to be adhered to in the absence of clear error or manifest injustice'" (quoting McCuen, 946 F.2d at 1403)). Any inconsistency was created by the Nyffeler decision and the subsequent panel decisions that correctly chose to follow the earlier McCuen decision.

Our court "definitively" decided in Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc), that when a hearing panel is faced with conflicting prior

-7-

panel opinions, the earliest opinion must be followed and controls any subsequent decisions. Under our first-in-time rule, I believe we should follow the opinion in McCuen and hold that the prior administrative panel decision denying the motion to dismiss for want of jurisdiction is the law of the case. In this case, no argument nor showing has been made that the administrative panel decision was manifestly unjust or clearly erroneous.

The majority attempts to distinguish our prior precedent that traces its lineage back to the McCuen case by holding that the present record has now been more fully developed since the administrative panel's summary denial and that the record now establishes the administrative panel considered an inapplicable basis for potential tolling of the appeal period. Under those circumstances, the majority holds that controlling precedent allows the merits panel to reconsider the jurisdictional issue raised by the appellees.

I do not agree that anything has changed since the issuance of the administrative panel order denying the motion to dismiss. The only new development of the record is the statement by counsel at oral argument that she did not bring the motion before the district court under Federal Rule of Civil Procedure 60(b). However, that has always been the case. The motion before the district court was styled as a Rule of Civil Procedure 59(e) motion and was argued to the district court as such. The appellees responded before the district court by arguing that the Rule 59(e) motion was not a true 59(e) motion but rather a disguised motion to reconsider. The district court addressed the motion on the merits but also indicated that it would be procedurally barred because the district court felt the motion was in fact a disguised motion to reconsider.

Those are the same issues raised before the administrative panel. The relief sought by the appellees was a dismissal because the appellant had not filed a proper Rule 59 motion so as to toll her appeal time. The appellant resisted the motion by arguing extensively why the motion was, in fact, a proper Rule 59 motion. Nowhere in the moving papers nor the resistance is there any mention that the motion was

brought under Rule 60(b). So it is not surprising that appellant's counsel conceded at oral argument that she was not bringing the motion under Rule 60(b). There is nothing new about that statement since it has always been understood by the movant and the respondent that the motion made in the district court was made under Rule 59(e) and was argued as such. If the appellant were to argue the motion was timely under Rule 60(b) at this late date, I have no doubt that we would summarily reject that argument as having been waived since it had never been raised nor briefed at any time prior to the questions at oral argument.

I conclude by referring again to the Thompson case. There, citing Nyffeler, the court stated, "'For the law of the case doctrine to have any application, however, the prior administrative panel must have actually decided the specific jurisdictional issue.'" 872 F.3d at 565. The Thompson court went on to state, "[T]he specific jurisdictional issue presented to the administrative panel and to us is the same: whether Thompson's notice of appeal was timely." Id. That is the issue which faced the administrative panel in this case. The appellees moved to dismiss the appeal as untimely and the motion was denied. I believe that decision constitutes the law of the case for the reasons stated.

Accordingly, I dissent from the dismissal of the appeal.

_____