# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-3367

_____

Darran Farmer

*Plaintiff - Appellant*

v.

FilmTec Corporation; Dupont De Nemours, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 22, 2025
Filed: January 6, 2026
[Unpublished]

_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

After Darran Farmer was fired from his job at FilmTec Corporation, he sued for employment discrimination and retaliation based on his disability and race. The district court[1] granted summary judgment to FilmTec and its parent company, Dupont De Nemours, Inc. (collectively FilmTec), on all claims and entered judgment on September 20, 2024. This triggered the 30-day time limit for Farmer to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A).

Rather than filing an immediate appeal, Farmer sent a letter to the district court requesting permission to file a motion for reconsideration under District of Minnesota Local Rule 7.1(j) on October 17, 2024, 28 days after the district court entered judgment.[2] The district court denied the request on November 19, 2024, 60 days after it granted summary judgment, finding that there were no extraordinary circumstances that warranted granting permission to file a motion for reconsideration. That same day, Farmer filed his notice of appeal. FilmTec subsequently filed a motion to dismiss the appeal as untimely.

## I.

First, we address the motion to dismiss. Judgment was entered in the district court on September 20, 2024, and Farmer filed his notice of appeal on November 19, 2024. The parties dispute whether Farmer's request to file a motion to reconsider—denied on November 19—extended the time to file an appeal. See Fed.

---

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota.

[2]"Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission. A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission. A party who opposes such a request may file and serve a letter of no more than two pages in response. This rule authorizes the parties to file those letters by ECF." D. Minn. R. 7.1(j).

R. App. P. 4(a)(4)(A) (extending the time to file a notice of appeal if a party files a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59). If it does, Farmer's appeal is timely. Otherwise, it is not.

Farmer contends his appeal is timely, relying on DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). In DuBose, we held that the appellant's motion for leave to file a motion to reconsider under the same District of Minnesota local rule at issue here "was the functional equivalent of a motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e). Therefore, the time to appeal began to run on . . . the date of the order disposing of this motion." Id. at 1002 (citation omitted). Farmer argues that his case presents the same procedural circumstances, and thus his appeal is timely.

FilmTec disagrees, arguing that another of our cases, Nordgren v. Hennepin Cnty., 96 F.4th 1072 (8th Cir. 2024), controls. Almost one month after judgment was entered against her, Nordgren filed a motion that she captioned as a Rule 59(e) motion. Id. at 1075. The district court found the motion was, in substance, a motion to reconsider, and denied it. Id. Nordgren filed a notice of appeal two weeks later. Id. We held that the appeal was untimely. Id. at 1077. We first concluded that the district court "did not err in characterizing Nordgren's motion as one for reconsideration of its order dismissing her claims." Id. And because "[a] motion to reconsider is not recognized as one that will extend the period for filing a notice of appeal" under the Federal Rules, we dismissed the appeal. Id. Applying this rationale, FilmTec asserts, Farmer's appeal is untimely.

"[W]hen faced with conflicting panel opinions, the earliest opinion must be followed 'as it should have controlled the subsequent panels that created the conflict.'" Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (quoting T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960 (8th Cir. 2006)). Because the Nordgren panel did not distinguish, or even cite, DuBose, and because the two cases involve the same Minnesota local rule, we consider the two opinions to be in conflict. Following the earlier opinion, DuBose, Farmer's letter submitted under Local Rule

7.1(j) was the functional equivalent of a Rule 59(e) motion and thus extended the time to file a notice of appeal. Farmer's appeal is timely.

## II.

We turn now to the merits. In resolving FilmTec's motion for summary judgment, the district court issued an opinion that thoroughly addressed each of Farmer's claims. After reviewing the record, as well as the arguments the parties raise on appeal, we conclude that Farmer has failed to raise any meritorious grounds for reversal. See Mehner v. Furniture Design Studios, Inc., 143 F.4th 941, 948 (8th Cir. 2025) ("Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (quoting Morrow v. United States, 47 F.4th 700, 704 (8th Cir. 2022))). For the reasons stated by the district court in its well-analyzed opinion, we affirm. See 8th Cir. R. 47B.

_____